UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------- X
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
JAVIER ESPINAL, XAVIER ROSARIO,⠀:
LUIGI DORTONO, MANUEL DELGADO,⠀:
SABUHAN AZIROV, and all others⠀⠀:
similarly situated,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀Case No.: 18-cv-00738
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiffs,⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
LEONID POGORILER, PETER CREUS,⠀:
ONE OF KIND TRANSPORTATION,⠀⠀:
INC., ALL AROUND MANAGEMENT,⠀⠀:
INC., ALL POINTS TRANSPORTATION⠀:
GROUP, INC., YAN MOSHE, NAZAR⠀⠀:
NIKSON, MNBT CORP., EXCEL⠀⠀⠀⠀:
SURGERY CENTER, LLC, HEALTH⠀⠀:
PLUS SURGERY CENTER, LLC and⠀⠀:
JOHN DOE DEFENDANTS 1-10,⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendants⠀⠀⠀⠀⠀⠀:
--------------------------------------------------- X

**DEFENDANTS, YAN MOSHE, EXCEL SURGERY CENTER, LLC, HEALTH PLUS SURGERY CENTER, LLC, NAZAR NIKSON AND MNBT CORP.'S JOINT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF FLSA SETTLEMENT**

# TABLE OF CONTENTS

Table of Authorities ........................................................................................... ii

**PRELIMINARY STATEMENT** ......................... Error! Bookmark not defined.

**APPLICABLE LEGAL STANDARDS** ............................................................ 3

**ARGUMENT** ..................................................... Error! Bookmark not defined.

    I.    THE POGORILER SETTLEMENT IS NOT A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE ....................................... Error! Bookmark not defined.

        a.    The Pogoriler Settlement is Not Supported by Valid Consideration ....................... Error! Bookmark not defined.

        b.    The Pogoriler Settlement is Not Fair and Reasonable Under the *Girsh* Factors ................................................................. 10

        c.    The Pogoriler Settlement Does Not Compromise a Bona Fide Dispute ........................................................................ 12

    II.    THE POGORILER SETTLEMENT IS NOT CONSISTENT WITH PUBLIC POLICY FAVORING SETTLEMENT ................................................................................. 13

**CONCLUSION** ................................................. Error! Bookmark not defined.

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

*Bredbenner v. Liberty Travel, Inc.*,
   09-cv-905 (MF), 09-cv-1248(MF), 09-cv-4587(MF),
   2011 WL 1344745 (D.N.J. Apr. 8, 2011) .................................................................. 3,10

*Brumley v. Camin Cargo Control, Inc.*,
   08-cv-1798 (JLL), 10-cv-2461(JLL), 09-cv-6128(JLL),
   2012 WL 1019337 (D.N.J. Mar. 26, 2012) ................................................................ 3,4, 10, 13

*Lignore v. Hosp. of the Univ. of Pa.*,
   04-cv-5735, 2007 WL 1300733 (E.D. Pa. May 2, 2007) .......................... 3,10

*Girsh v. Jepson*,
   521 F.2d 153–57 (3d Cir. 1975) ............................................................... 10

*State v. Diaz*, No. 08-06-01564-D,
   2009 WL 6985053 (Sup. Ct. Atlantic Co., Oct. 9, 2009) .......................... 6

*U.S. v. Adissa*, No. 15-cr-00544-GEKP,
   2017 WL 5598998 at *3 (E.D. Pa. Sept. 29, 2017) .................................... 6

*U.S. v. Khasharmeh*, 12-CR-00636-003
   (NLH), 2013 WL 6704648 at *3 ............................................................... 6

**Statutes**

Fed. R. Civ. P. 26 .............................................................................................. 7

Fed. R. Civ. P. 30 .............................................................................................. 8

Fed. R. Civ. P. 32 .............................................................................................. 8

Fed R. Civ. P. 34 .............................................................................................. 7-8

Fed. R. Civ. P. 37 .............................................................................................. 8

Fed. R. Civ. P. 45 .............................................................................................. 8

Fed. R. Civ. P. 69 .............................................................................................. 9

New Jersey R. 4:59-1 ........................................................................................ 9

Defendants Yan Moshe ("Moshe"), Excel Surgery Center ("Excel"), Health Plus Surgery Center ("Health Plus"), Nazar Nikson ("Nikson"), MNBT Corp. ("MNBT", collectively the "Non-Settling Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' motion for approval of FLSA settlement with defendants Peter Creus, Leonid Pogoriler ("Pogoriler"), One of Kind Transportation, Inc., All Around Management, Inc. and All Points Transportation Group, Inc. (collectively, the "Pogoriler Defendants"), filed on September 22, 2018.[1]

## PRELIMINARY STATEMENT

The settlement between Plaintiffs and the Pogoriler Defendants ("hereinafter, the "Pogoriler Settlement") cannot be approved as it does not meet the most basic standards for "fairness and reasonableness" required for approval of FLSA settlement agreements. The proposed settlement – which even the Plaintiffs' acknowledge is "atypical" – is an outlier by any objective measure. The settlement at this early juncture in the case, prior to any discovery, is with the only group of defendants who are undisputedly Plaintiffs' employers of record and is for **no monetary consideration**. Remarkably, the Pogoriler Defendants – who have assets – are not required to pay one cent to Plaintiffs. Instead, the Pogoriler Defendants are being released from this litigation solely on the basis that they will provide

---

[1] Capitalized terms, not otherwise defined herein, shall have the same effect as Plaintiffs' memorandum of law in support of their motion to approve the FLSA Settlement with the Pogoriler Defendants (Doc. No 59-1) ("Br.")

1

"truthful cooperation" against the remaining, non-settling defendants; produce documents; and be available for trial preparation, deposition and trial testimony. But these are all obligations that the Pogoriler Defendants had as litigants in this case under the Federal Rules of Civil Procedure applicable to *all* parties to *any* civil litigation. Accordingly, the stated consideration does not provide <u>anything</u> of value to the Plaintiffs. It is hardly surprising, therefore, that Plaintiffs do not provide any supporting caselaw for the validity of such consideration, but merely posit – without authority – that this consideration "is difficult to value from a distance." The reality is that the consideration has no value – at a distance or at six inches away.

The terms of the Pogoriler Settlement, much like the circumstances under which it came about, raise more questions than they answer, and raise the prospect of exactly the type of improper "side deals" which Congress was seeking to avoid in requiring judicial approval of FLSA settlements. Indeed, the Pogoriler Settlement (July 24, 2018) was preceded by the filing of a certification by Pogoriler on July 13, 2018 (Doc. No. 40) (hereinafter, "Pogoriler Certification") in which the Pogoriler Defendants conceded their status as Plaintiffs' employer of record and admitted liability as to the alleged wage and hour claims. Thus, at the time of settlement, there was no "bona-fide" dispute between Plaintiffs and the Pogoriler Defendants. The Pogoriler Certification was followed by the filing by Plaintiffs of a Stipulation of Dismissal *without* Prejudice (Doc. No. 46) in what the Non-Settling Defendants

2

have a good faith reason to believe was an attempt by the Plaintiffs and the Pogoriler Defendants to avoid judicial scrutiny of the terms of their settlement.

Ultimately, the Pogoriler Settlement "smells bad" and falls far short of the "fairness and resonableness" standard required by courts in this Circuit for the approval of FLSA Settlements. As such, the Court should deny Plaintiffs' motion for approval of the Pogoriler Settlement and this action should not be discontinued against the Pogoriler Defendants.[2]

## APPLICABLE LEGAL STANDARDS

When employees bring a private action under the FLSA and present the Court with a proposed settlement pursuant to a stipulated judgment may be entered only if the Court determines the compromise reached "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Brumley v. Camin Cargo Control, Inc.*, 08-cv-1798 (JLL), 10-cv-2461(JLL), 09-cv-6128(JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citing *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Bredbenner v. Liberty Travel, Inc.*, 09-cv-905 (MF), 09-cv-1248(MF), 09-cv-4587(MF), 2011 WL 1344745, at *11 (D.N.J. Apr. 8, 2011). In determining whether the compromise resolves a bona fide dispute, the Court must

---

[2] Even if the Court were to approve the Pogoriler Settlement, by settling with the only undisputed employer of record in this case for no consideration, the named plaintiffs and class counsel have arguably disqualified themselves from serving as class representatives and class counsel on behalf of any putative class by consenting for valueless consideration to dismissal of the only defendants as to whom there is no dispute were the employer and, admittedly, have assets to satisfy any liability (in whole or in part).

be reassured that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Brumley*, 2012 WL 1019337, at *2; *Lignore v. Hosp. of the Univ. of Pa.*, No. 04-cv-5735, 2007 WL 1300733 at *3 (E.D. Pa. May 2, 2007); *Lynn's Food*, 679 F.2d at 1354. Indeed, "the congressional purpose of the FLSA and the public's interest in the transparency of the judicial process decisively inform both the procedure and the standard applicable to a district court's review of an FLSA settlement." *Brumley*, 2012 WL 1019337, at *2 (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1231 (M.D. Fla 2010). Moreover, District Courts have scrutinized FLSA settlements for the bona fides of the dispute by investigating the existence of "side deals" or other conditions not present on the face of the employer's offer, "including constraints on employees beyond their full compensation under the FLSA." *Id.*

Plaintiffs themselves do not dispute that District Courts in this Circuit have relied upon the factors set forth in *Lynn's Food Stores Inc. v. United States* (Br. at 7). Thus, it is undisputed that the Court is required to review the instant settlement and determine if it meets the standards of fairness and reasonableness. As more fully set forth herein, the proposed settlement does not come close to meeting this standard

4

because it is not supported by valid consideration nor does it represent a compromise of any bona fide dispute between Plaintiffs and the Pogoriler Defendants.

## ARGUMENT

### I. THE POGORILER SETTLEMENT IS NOT A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

#### a. The Pogoriler Settlement is Not Supported by Valid Consideration

Plaintiffs, by and through their motion, acknowledge that the Pogoriler Settlement is "atypical because it calls for a nonmonetary settlement" (Br. at 9), but the *purported* consideration does not provide anything on the part of the Pogoriler Defendants beyond what is already required under the Federal Rules of Civil Procedure. The Pogoriler Settlement requires that the Pogoriler Defendants provide the following: (1) "Full, complete and truthful cooperation with Plaintiffs' prosecution of" the Action; (2) "[t]he production of all documents concerning the merits of the claims in the Action;" and (3) "[d]efendant Pogoriler's availability for trial preparation, deposition and trial testimony, and post-trial proceedings, including efforts to seek satisfaction of any judgment obtained in the Action." Br. at 6; Pg. 1 of Exhibit 2 to Affirmation of Christopher Marlborough (Doc No. 59-5). These items, however, do not support a fair and reasonable resolution of Plaintiffs' claims against the Pogoriler Defendants.

5

First, "truthful cooperation" does not constitute valid consideration as it is altogether inapplicable to civil proceedings. Indeed, "truthful cooperation" is a construct in the context of criminal proceedings, generally agreed-upon by a criminal defendant via plea agreements and is not readily available to a civil litigant looking to settle his or her claims. *See U.S. v. Adissa*, No. 15-cr-00544-GEKP, 2017 WL 5598998 at *3 (E.D. Pa. Sept. 29, 2017) ("Defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income."); *U.S. v. Khasharmeh*, 12-CR-00636-003(NLH), 2013 WL 6704648 at *3; (D.N.J. June 14, 2013) ("You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income"); *State v. Diaz*, No. 08-06-01564-D, 2009 WL 6985053 (Sup. Ct. Atlantic Co., Oct. 9, 2009 ("plea agreement is for this defendant to be sentenced within the second degree range subject to the No Early Release Act and to provide truthful testimony); *State v. Goff*, No. 130501409, 2013 WL 10601668 at *2 (Sup. Ct. Atlantic Co. July 25, 2013) ("they opted to offer that lesser sentence in exchange for his truthfulness and cooperation").

Unlike a criminal proceeding, there is no similar "self-incrimination" clause (Fifth Amendment) for a civil proceeding, and thus, there is no bargained-for-exchange by a party agreeing to waive civil claims/defenses for the purposes of providing truthful cooperation, like that of a defendant in a criminal proceeding.

Plaintiff does not cite any caselaw supporting the validity of such consideration, nor could we find any, because "truthful cooperation" by settlement agreement is circumscribed to criminal proceedings and is something which is already required by voluntary or involuntary parties to civil litigation. Specifically, named defendants to a civil litigation are routinely deposed in discovery and testify at trial – in both instances taking an oath to tell the truth. And if they do not tell the truth, there are court and criminal law sanctions for such conduct. The Pogoriler Agreement, essentially requiring the Pogoriler Defendants to tell the truth, is not worth the paper it is written on – because they already had that legal obligation.

Moreover, the Pogoriler Defendants are already duty-bound to abide by the second proposed term of the Pogoriler Settlement rendering those provisions worthless as consideration. The Pogoriler Defendants, as parties to this proceeding, have a duty to disclose all documents and things in their possession that they may use to support their claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiffs have the further power to compel production by the Pogoriler Defendants of any other documents relevant to the proceeding under Fed R. Civ. P. 34, which provides the power to demand a litigant "to produce and permit the requesting party or its representative to inspect, copy, test, or sample [] items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). That rule further provides that in response, the producing party must "either state that inspection and related

7

activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(a)(2)(B). Moreover, the power to compel production under Fed. R. Civ. P. 34 extends to non-parties, who are subject to the contempt powers of the court for non-compliance. *See* Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45. Thus, agreeing to produce documents for which there is no dispute would be discoverable and compelled to be produced under any of the above Rules does not constitute valid consideration for an FLSA settlement.

The third term of the proposed settlement, which allegedly requires the Pogoriler Defendants to be available for trial preparation, deposition testimony, trial testimony, and post-trial proceedings to enforce any judgment, fails for similar reasons. The Pogoriler Defendants, as parties to the litigation, are already required under the rules to appear for depositions during discovery upon service of a notice to their counsel. *See* Fed. R. Civ. P. 30(a)(1) (as to litigants and witnesses during discovery); Fed. R. Civ. P. 45. The transcript of the depositions during discovery may be used at trial. *See* Fed. R. Civ. P. 32(a). A litigant or a witnesses' failure to attend their duly noticed deposition is subject to sanctions under Fed. R. Civ. P. 37(d). As to trial testimony, so too a litigant or a witness is subject to a litigant's power to compel the appearance and testimony at trial. *See* Fed. R. Civ. P. 45(c)(1). As to post trial judgment enforcement proceedings, Plaintiffs yet again have the

8

power to compel compliance with any such proceedings. *See* Fed. R. Civ. P. 69(a)(2) (allowing post judgment discovery from any person as allowed by the federal rules as well as the rules of the state where the court is located); New Jersey *R.* 4:59-1(f) (allowing the deposition of any person in enforcement or execution of a judgment). And as to availability for "trial preparation," the settling parties do not explain what this means and, in light of the rules set forth above, this does not provide anything more than what Plaintiffs already had the power to compel.

Plaintiffs grasp at straws in arguing how the proposed nonmonetary consideration has "benefit[ted]" Plaintiffs. Br. at 9. Plaintiffs first argue that the Pogoriler Settlement resulted in the Moshe Defendants' withdrawal of their motion to dismiss (Br. at 9), yet the Pogoriler Settlement was not signed by Pogoriler until July 24, 2018 (*See* Exh. A; Br. at 4), *after* the motion was voluntary withdrawn on July 17, 2018 (Doc. No. 41). Indeed, at the time, no settlement agreement had been identified, let alone disclosed, as the Moshe Defendants' advised the Court "we further have concerns about their authenticity and a potential improper arrangement between Plaintiff and Pogoriler's counsel which we intend to fully probe in discovery." (Doc No. 41). Thus, there is no nexus between the proposed Pogoriler Settlement and the withdrawal of the Moshe Defendants' motion to dismiss.

Plaintiffs' second claim that "Pogoriler's continued cooperation will likely result in further savings of time and expense by streamlining the issues for

9

prosecution against the solvent Defendants," (Br. at 9) cannot constitute valid consideration, as it is speculative at best. Moreover, this is debunked by the fact that the Pogoriler Defendants already have an obligation to cooperate under the Federal Rules of Civil Procedure. Although not claimed on this motion, to the extent Plaintiffs had any legitimate fears of a group of defendants needlessly and vexatiously increasing the costs of litigation or taking frivolous positions, both Fed. R. Civ. P. 11 and 28 U.S.C. §1927 already prohibit such conduct and provide the court with ample power to punish and deter such conduct.

Ultimately, nothing of any value was provided to Plaintiffs in exchange for the Pogoriler Settlement and should not be approved, and the stipulation of dismissal of the Pogoriler Defendants should be vacated.

### b. The Pogoriler Settlement is Not Fair and Reasonable Under the *Girsh* Factors

While factors for evaluating "fairness" of a settlement in an FLSA collective action have not been definitively set out by the Third Circuit, district courts in this Circuit have utilized the *Girsh* factors established for approving Rule 23 class action settlements. *See Girsh v. Jepson*, 521 F.2d 153, 157–57 (3d Cir. 1975) (citation omitted); *Brumley*, 2012 WL 1019337, at *4-5 see *Bredbenner*, 2011 WL 1344745. The factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability;

10

(5) risks of establishing damages; (6) risks of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Here, Plaintiffs fail to present any of the *Girsh* factors in its underlying motion papers: there is no discussion as to the complexity, expense and duration of the litigation (Factor #1); the reaction of the class (Factor #2); the specific value of settlement relative to state of proceedings and discovery completed (Factor #3); the inherent risk of proceeding to trial (Factor #6), whether the Pogoriler Defendants can withstand a greater judgment (Factor #7) (and in fact, Plaintiffs requested a statement of net worth as part of the Pogoriler Settlement); nor as to the range of reasonableness of the Pogoriler Settlement in light of best possible recovery and the settlement amount as a percentage of potential recovery. (Factors #8 and 9).

Indeed, Plaintiffs' claim the Pogoriler Settlement is fair and reasonable based on the Pogoriler Defendants' relative net worth as compared to the Non-Settling Defendants is completely speculative and lacks any evidentiary basis, particularly given that no discovery has been conducted into the Non-Settling Defendants net worth or solvency. Moreover, the Pogoriler Defendants, by their own admission, are not insolvent, but rather have a "net worth" less than $200,000. (*See* Marlborough Decl., Ex. 2, Art. III). Given that any judgment against defendants determined to be "joint employers" would be joint and several, the non-monetary

11

settlement with the Pogoriler Defendants (who have admitted to being Plaintiffs' employer of record) at this juncture in the case is even more baffling and further calls in to question the adequacy of the putative class representatives and proposed class counsel.

Finally, the risk in establishing liability and damages against the Pogoriler Defendants has been undercut by the very filing of the Pogoriler Certification (which concedes liability) prior to the execution of the Settlement Agreement (Factors #4 and 5). Thus, Plaintiffs fail to satisfy <u>any</u> of the *Girsh* factors, let alone mention them in their moving papers, and for this reason, the Pogoriler Settlement should not be approved.

### c. The Pogoriler Settlement Does Not Compromise a Bona Fide Dispute

By and through the Pogoriler Certification, the Pogoriler Defendants conceded liability to Plaintiffs affirming the Pogoriler Defendants are "employers" of Plaintiffs and that Plaintiffs "routinely worked more then [sic] 40 hour work weeks." Pogoriler Certification at ¶¶4-6. The Pogoriler Settlement does not resolve the issue of joint employer, rather it releases the *only* defendants who are undisputed employers of record. *Id.* Thus, there is no "bona-fide" dispute between Plaintiffs and the Pogoriler Defendants and, in fact, the *only* "bona-fide dispute" is whether an "employer" and "joint employer" status exists between Plaintiffs and the <u>non-settling</u> defendants, which is certainly not resolved, let alone addressed, by the

12

Pogoriler Settlement. As such, the Pogoriler Settlement should not be approved and the stipulation of dismissal as to the Pogoriler Defendants should be vacated.

## II. THE POGORILER SETTLEMENT IS NOT CONSISTENT WITH PUBLIC POLICY FAVORING SETTLEMENT

The reason the Court is charged with scrutinizing the fairness of settlement agreements is to specifically avoid the type of sham-agreements like the Pogoriler Settlement. Notwithstanding that the *terms* of the Pogoriler Settlement do not meet the standards of "fairness and reasonableness" required for approval of FLSA settlements, the very inception of this agreement is shrouded with concerns about the authenticity of the Pogoriler Settlement, as well as a potential improper arrangement between Plaintiffs and the Pogoriler Defendants. The proposed settlement is inconsistent with the public policy favoring fair resolutions to legal disputes. *See Brumley, supra* at *3 ("settlement is consistent with public policy favoring settlements")

Aside from the fact the Pogoriler Settlement is for no consideration, it is also laden with sloppy mistakes further calling into question what the proposed FLSA class of plaintiffs are obtaining by virtue of this settlement. Indeed, the Pogoriler Certification, which admits the Pogoriler Defendants' liability, was filed *prior* to the execution of the Pogoriler Settlement, and furthermore, plaintiff Manuel Delgado inadvertently executed both the settlement agreement signature page and the [Proposed] release page on July 17, 2018 which was only discovered after the Court

scheduled a deadline by which to move for approval for the Pogoriler Settlement. *See* Doc. No. 56; Br. at FN 3. Moreover, given that the Pogoriler Defendants have admitted liability, and have been released from this litigation for no consideration, there exists a reasonable concern of a "side deal" or other conditions not present on the face of the employer's offer, which, in and of itself, is contrary to public policy and should invalidate the Pogoriler Settlement.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion for approval of the Pogoriler Settlement be denied in all respects, together with such further relief as the Court may deem just and proper.

Dated: New York, New York
October 5, 2018

                              Respectfully submitted,

                              STEIN ADLER DABAH
                              & ZELKOWITZ LLP

                              By: */s/ Jonathan L. Adler*
                                  Jonathan L. Adler, Esq.
                                  Jacob E. Lewin, Esq.
                                  1633 Broadway 46th Floor
                                  New York, NY 10019
                                  (212) 867-5620

                              *Attorneys for Defendants Yan Moshe,*
                              *Excel Surgery Center, LLC and Health*
                              *Plus Surgery Center, LLC*

BRACH EICHLER LLC

By: */s/ Anthony M. Rainone*
    Anthony M. Rainone, Esq.
    101 Eisenhower Parkway
    Roseland, NJ 07068
    (973) 364-8372

*Attorneys for Defendants Nazar Nikson and MNBT Corp.*