| | |
|---|---|
| JAVIER ESPINAL, XAVIER ROSARIO, LUIGI DORTONO, SABUHAN AIROV, AND MANUEL DELGADO, and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>LEONID POGORILER, PETER CREUS, ONE OF KIND TRANSPORTATION, INC., ALL AROUND MANAGEMENT, INC., ALL POINTS TRANSPORTATION GROUP, INC., YAN MOSHE, NAZAR NIKSON, MNBT CORP., EXCEL SURGERY CENTER, LLC, HEALTH PLUS SURGERY CENTER, LLC AND JOHN DOE DEFENDANTS 1-10,<br><br>Defendant(s). | Civ. No. 18-738 (KM)(MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on plaintiffs' motion for an order approving a settlement agreement under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, between plaintiffs, and defendants Leonid Pogoriler; One of Kind Transportation, Inc. ("One of Kind"); All Around Management, Inc. ("All Around"); and All Points Transportation Group, Inc. ("All Points") (collectively, "Pogoriler defendants"). Defendants Yan Moshe; Excel Surgery Center, LLC ("Excel"); Health Plus Surgery Center, LLC ("Health Plus"); Nazar Nikson; and MNBT Corporation ("MNBT") oppose the motion.

For the reasons explained below, plaintiffs' motion is denied.

## I. Background and Proposed Settlement

Because I write primarily for the parties, who are familiar with the facts and procedural history, I recount only the essential facts. On April 6, 2018, plaintiffs filed their first amended complaint, a prospective collective action lawsuit. (DE no. 11). Plaintiffs, drivers and patient escorts for surgery centers, claim that they, and other similarly situated drivers, were not paid overtime

and minimum wages in violation of the FLSA, the New Jersey Wage and Hour Law, and the New York Labor Law. (*Id.*). Plaintiff Espinal also has individual claims. He asserts that he was retaliated against in violation of the FLSA, New York Labor Law, and the New Jersey Conscientious Employee Protection Act.

Plaintiffs claim that Moshe operated two surgical centers through Excel and Health Plus.  They further allege that Moshe and the surgical centers employed plaintiffs through transportation companies, including All Points, All Around, One of Kind, and MNBT, which were operated by Pogoriler, Creus and Nikson. Plaintiffs claim that they were misclassified as independent contractors, and as a result, were underpaid.

On July 13, 2018, plaintiffs and the Pogoriler defendants agreed to a settlement. (DE nos. 59-1, at 4; 59-5). On that same date, Leonid Pogoriler submitted a declaration in opposition to Moshe, Excel, and Health Plus's pending motion to dismiss the amended complaint. (DE no. 40).  The declaration asserted that the Pogoriler defendants were joint employers, and that plaintiffs routinely worked more than forty-hour work weeks. (DE no. 40).

The settlement was not executed by the Pogoriler defendants until July 23, 2018. (DE no. 59-5, at 5). The settlement agreement is a non-monetary settlement. (DE no. 59-5). Under the terms of the agreement, the Pogoriler defendants agreed to the "[f]ull, complete and truthful cooperation with Plaintiffs' prosecution of" the action; to produce all documents related to this action; and to be available for trial preparation and trial, depositions, and post-trial proceedings. (DE no. 59-5). In exchange, plaintiffs agreed to dismiss the Pogoriler defendants without prejudice, and to execute releases at the conclusion of the action. After execution of the settlement agreement, this motion to approve the settlement was filed.

## II.    Discussion

"When employees bring a private right of action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982);

*see also Rabbenou v. Dayan Foods, Ltd.*, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017); *Morales v. PepsiCo, Inc.*, 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012). The court is obligated to scrutinize the settlement to ensure it represents a fair and reasonable resolution of a bona fide dispute rather than a "mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

In scrutinizing an agreement for reasonableness and fairness, courts engage in a two-step process. *Singleton v. First Student Mgmt. LLC*, 2014 U.S. Dist. LEXIS 108427, at *21 (D.N.J. Aug. 6, 2014) (citation omitted). In the first step, court analyze whether the agreement is fair and reasonable under the so-called *Girsh* factors. *Id.* Although a class has not yet been certified, it is clearly contemplated; the plaintiffs seemingly concede that the *Girsh* factors are relevant and proffer an analysis of the settlement in light of them.

In *Girsh v. Jepson*, 521 F.2d 153, 156-157 (3d Cir. 1975), the Third Circuit identified nine factors that a court should consider in evaluating whether a proposed class action settlement is "fair, reasonable, and adequate." The nine *Girsh* factors are as follows:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

(citation omitted). "Once the settlement is found to be fair and reasonable, the Court proceeds to the second step to determine whether the agreement furthers the purpose of the FLSA." *Singleton*, 2014 U.S. Dist. LEXIS 108427, at *22.

Based on the record, the terms and conditions of the settlement, and the applicable law, the Court finds that the settlement agreement does not reflect a fair and reasonable resolution at this time. In exchange for a release of all

3

claims, defendants are simply required to cooperate with the civil lawsuit, an obligation already imposed upon the Pogoriler defendants by the Federal Rules of Civil Procedure. *See Hyman v. WM Fin. Servs., Inc.*, 2008 WL 1924879, at *3 (D.N.J. Apr. 29, 2008) ("[c]ontractual agreements to comply with preexisting legal duties are unenforceable."). Even though Pogoriler claims a net worth of not more than $200,000 (seventh *Girsh* factor), the proposed agreement contains no compensation for any unpaid wages owed, despite plaintiffs' claims that they each worked more than forty-hours per week and were paid less than minimum wage. Plaintiffs also argue that the Pogoriler defendants' truthful cooperation will streamline the litigation (first *Girsh* factor), and enhance their ability to establish joint-employer liability against the non-settling defendants (fourth, fifth, and sixth factors). (DE no. 62). However, the settlement does not advance these interests to any degree beyond the the fact that the Pogoriler defendants are named parties and will be obligated to respond truthfully to discovery demands. Given that the Pogoriler defendants have offered no settlement funds, factors eight and nine do not weigh in favor of granting plaintiffs' motion. In sum, I find that the settlement agreement is not fair or reasonable at this time.

I say "at this time" with particular reference to this action's status as a putative class action. Although the plaintiffs have not yet moved to certify a class, they clearly intend to do so, and have proceeded as though they are representative of others similarly situated. I am therefore reluctant to permit an "individual" settlement which, assuming it does not affect absent class members, might well render these plaintiffs inadequate representatives (because they have no longer have claims against Pogoriler, and have no incentive to pursue the absent class members' claims against Pogoriler). Such a settlement, then, is premature. Until a class is certified, the Court cannot meaningfully analyze factor (2) (reaction of the class to the settlement) and factor (3) (stage of the proceedings) weighs against the settlement. Prospective class members have not received notice or an opportunity to be heard as to the potential effect of a settlement on their interests. I cannot conclude that the

"class representatives" have fairly and adequately represented the interests of the "class members."

In short, I cannot assess the fairness of this settlement without the context of a certified class and/or a more global resolution of the claims in this action.

## III.    Conclusion

For the reasons set forth above, plaintiffs' motion is denied. I will entertain a renewed application, however, at a later point in the proceedings.

Dated: October 22, 2018

**Kevin McNulty**
**United States District Judge**